# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL KEITH WOODS,<br><br>                    Plaintiff,<br>vs.<br><br>B.K. WONG, Warden ,<br><br>                    Defendant. | CASE NO. 10CV693 JLS (WMc)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND**<br>**(3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 1, 7) |

   Presently before the Court is Magistrate Judge William McCurine, Jr.'s report and recommendation ("R&R") advising the Court to deny Daryl Keith Woods's ("Petitioner") petition for writ of habeas corpus. (R&R, ECF No. 7) Also before the Court are Petitioner's objections to the R&R. (Obj., ECF No. 8) After consideration, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** the petition.

## BACKGROUND

   Magistrate Judge McCurine's R&R contains a thorough and accurate recitation of the procedural history underlying the instant petition. (R&R 2–8, ECF No. 7) This Order incorporates by reference the procedural history as set forth in the R&R.

   Having exhausted his administrative and state remedies, Petitioner filed the instant petition for a writ of habeas corpus asserting six grounds for relief: (1) violation of the Sixth Amendment for ineffective assistance of counsel; (2) violation of procedural due process for failure to be

arraigned before a Magistrate Judge within forty-eight hours of his arrest; (3) violation of procedural due process for denial of counsel during a curbside photo line-up; (4) violation of Sixth Amendment rights for imposition of the upper term sentence; (5) violation of Sixth and Fourteenth Amendment rights for failure to impose a stay under California Penal Code section 654; and (6) violation of Sixth Amendment right to trial due to insufficient evidence of his competency to stand trial. (*See* Pet. 6–11, ECF No. 1)[1]

On June 16, 2010, Respondent answered the petition, conceding that the claims before the Court are exhausted and timely. (Answer 2, ECF No. 5) Petitioner filed a traverse to Respondent's answer on July 9, 2010. (Traverse, ECF No. 6) On March 10, 2011, Magistrate Judge McCurine issued an R&R advising the Court to deny the petition. (R&R, ECF No. 7) Petitioner objected to the R&R on March 24, 2011. (Obj., ECF No. 8)

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Cognizable Claim for Relief**

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of

---

[1] All pinpoint citations to the Petition for Writ of Habeas Corpus, (ECF No. 1), in this Order refer to the page numbers assigned by CM/ECF.

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Federal intervention in state court proceedings is only justified when there are errors of federal law.  *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).  Federal habeas courts are bound by a state's interpretation of its own laws.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal habeas petitions filed after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997).  AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  A state court's decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or (2) "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result.  *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks omitted) (citation omitted).  An "unreasonable" application of precedent "must have been more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'"  *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

## ANALYSIS

Petitioner's objections repeat almost all of the R&R's Summary of Claims.  (*Compare* Obj. 1–6, ECF No. 8, *with* R&R 11, 19, 21–22, 26, 30, 31, ECF No. 7)  Nevertheless, the Court liberally construes the pro se Petitioner's objections and reviews de novo those portions of the R&R that are objected to.

**1. Ineffective Assistance of Counsel**

Petitioner claims that he received ineffective assistance of counsel due to trial and appellate counsel's failure to inform him that sentencing that imposes the upper term without a jury verdict

1  is unconstitutional, (Pet. 6, ECF No. 1); and trial counsel's negotiating an unconstitutional plea

2  agreement resulting in the imposition of the upper term sentence, (*id.*).  Petitioner contends that,

3  due to the ineffective assistance of counsel, he received the upper term sentence of five years

4  rather than the statutory maximum sentence or middle term of three years.  (*Id.*)

### A. *Summary of the R&R's Conclusions*

Magistrate Judge McCurine concluded that "the state court's decision finding Petitioner failed to establish prejudice under *Strickland*, was neither contrary to, nor an unreasonable application of, clearly established federal law," and that, additionally, the "state court decision was not an unreasonable application of the facts."  (R&R 16, ECF No. 7)  Specifically, R&R concluded that Petitioner "voluntarily and intelligently entered into the plea agreement, and . . . failed to demonstrate the advice he received from counsel regarding the waiver of the right to a jury trial fell outside the range of competence demanded of attorneys in criminal cases."  In addition, the R&R concluded that because "the plea agreement allowed Petitioner to avoid a sentence of more than 200-years-to-life in exchange for a determinate twenty-seven-year sentence," it was reasonable for the state court to deny Petitioner's claim for failure to establish prejudice.  (*Id.* 18)  Thus, the R&R recommended that habeas relief as to this claim therefore be denied.  (*Id.* at 19)

### B. *Objections to the R&R's Conclusions*

Petitioner reasserts his ineffective assistance of counsel arguments in his objections to the R&R, arguing that he received ineffective assistance of counsel in light of his attorneys' failure to inform him of the fact that sentencing that imposes the upper term without a jury verdict is unconstitutional, (Obj. 1–2, ECF No. 8 (citing *Cunningham v. California*, 549 U.S. 270 (2007)); and because trial counsel negotiated an unconstitutional plea agreement resulting in the imposition of the upper term sentence rather than the statutory maximum or middle term sentence, (*id.* at 2).

### C. *Analysis*

As the R&R correctly recognized, the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the clearly established federal law governing ineffective assistance of counsel claims.  *See Williams v. Taylor*, 529 U.S. 362, 391 (2000) ("*Strickland* . . . provides sufficient guidance for resolving virtually all ineffective-assistance-of-

counsel claims."); *Sims v. Brown*, 425 F.3d 560, 584 (9th Cir. 2005).  Under *Strickland*, a petitioner's claim for ineffective counsel must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) "deficiencies in counsel's performance [were] prejudicial to the defense," *id.* at 692.  A court does not need to address both prongs of the *Strickland* test if the petitioner makes an insufficient showing on one.  *Id.* at 697.

Here, the state court's determination was neither contrary to, nor an unreasonable application of, *Strickland*.  The state court correctly identified that *Strickland* is the relevant law, that Petitioner must satisfy both prongs of the test, and that Petitioner failed to establish prejudice and was therefore not entitled to relief.  (Def.'s Notice of Lodgement ("NOL") No. 8 at 3–4, ECF No. 5-2 (Superior Court of the State of California for the County of San Diego Order Denying Petition for Habeas Corpus))

Moreover, the state court's determination was not an unreasonable application of the facts.  The state court reasoned that Petitioner's no contest plea was voluntary, knowing, and intelligent, and that he was unable to establish prejudice because he could "not show a reasonable probability exist[ed] that, but for his trial counsel's failings, the result of his case would have been more favorable to him."  (*Id.* at 4)

As to Petitioner's no contest plea, the Court notes that a plea of no contest has the same effect as a guilty plea.  Cal. Penal Code § 1016.  To be valid, a plea must be voluntary and intelligent.  *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).  Declarations of the plea's validity in court carry a "strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73 (1977).  Here, Petitioner stated in court that he had enough time to discuss the charges and potential defenses with his attorney; that he understood and waived his constitutional rights, including the right to a jury trial; that he was not coerced into his plea; that he understood the maximum penalty he faced was a combined total of over 200 years; and that he understood and had initialed and signed the plea forms.  (NOL No. 13 at 2–3, ECF No. 5-2)  Accordingly, the state court was correct in concluding that Petitioner's no contest plea was constitutionally valid.

//

The Court also agrees with the state court's conclusion that Petitioner failed to establish prejudice because he failed to demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Premo v. Moore*, 131 S.Ct. 733, 745 (2011) (quoting *Hill v. Lockhard*, 474 U.S. 52, 59 (1985)). Although Petitioner "claims he should have received the 'statutory maximum' sentence—the middle term of (3) years—rather than the upper term sentence of five (5) years, which Petitioner agreed to in his plea agreement," this claim is insufficient to demonstrate that, but for counsel's inadequacies, Petitioner would have insisted on going to trial rather than entering a plea. (Obj. 2, ECF No. 8) As Petitioner was informed before entering his plea, the maximum penalty he faced for the charges against him was a combined total of over 200 years to life in prison. Petitioner did not allege and the Court cannot reasonably conclude that had counsel informed him of the (alleged) unconstitutionality of the plea agreement, he would have instead gone to trial, trading the certainty of twenty-seven years in prison for the gamble of potentially life in prison. Thus, the state court reasonably denied Petitioner's claim for failing to establish prejudice as required under *Strickland*.

Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

**2. Procedural Due Process Violation for Arraignment Delay**

Petitioner contends that he was denied procedural due process because he "was not arraigned before a magistrate within '48' hours of arrest." (Pet. 6, 9, ECF No. 1) As a result of being held for more than forty-eight hours before his arraignment, Petitioner argues that he "suffered the loss of material and corroborating witnesses," and as such he could not "receive a fair jury trial." (*Id.* at 9)

*A. Summary of the R&R's Conclusions*

The R&R recommended denial of habeas relief as to this claim on two bases: (1) because Petitioner voluntarily and intelligently entered a plea, he may not now raise claims of deprivation of constitutional rights occurring prior to entry of his plea, and (2) because the alleged violation is a violation of state law, Petitioner's claim is not "federally cognizable." (R&R 21, ECF No. 7)

//

//

*B.  Objections to the R&R's Conclusions*

Petitioner objects to the R&R, arguing that his procedural due process rights were twice violated when he was not brought before a magistrate judge for arraignment within forty-eight hours following his July 12, 2006, and September 25, 2007 arrests.  (Obj. 3, ECF No. 8)

*C.  Analysis*

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  As here, "one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations."  *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985).  Thus, Petitioner's claims of pre-plea constitutional violations fail under *Tollett* because he has not shown that his plea was unintelligent or involuntary, nor has he demonstrated that his counsel's performance adversely affected the plea process.  *See supra* 4–6.

Moreover, Petitioner's claim also fails because it is based on a violation of California law, namely California Penal Code section 825(a), which provides that "the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest."  State law violations are not subject to federal habeas review because they are not violations of the U.S. Constitution or U.S. laws.  28 U.S.C. § 2254(a); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of state law."); *Cooper v. Brown*, 510 F.3d 870, 1001 (9th Cir. 2007).  Moreover, arraignment procedures in particular have been held to be inappropriate for federal habeas review.  *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969); *Hernandez v. Schneckloth*, 425 F.2d 89, 91 (9th Cir. 1970) ("State law governs detention of persons in state custody.").

Thus, habeas relief as to this claim is inappropriate under either of these bases, and therefore the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

//

//

**3. Pre-Charge Identification Error**

Petitioner's next claim for habeas relief is based on an alleged procedural due process violation at "the illegal initial curb side line up, when he . . . asked for counsel to be present at the line up and [was] denied counsel in error," and "at the 6-pack photo line up when the presumption of guilt was used as a basic fact in the procedure." (Pet. 10, ECF No. 1) In addition, Petitioner claims that the witnesses were coerced into identifying him and that the "state's eyewitness was only sixty percent sure of the actual positive I.D. of the alleged suspect accused of the offense." (*Id.*)

*A. Summary of the R&R's Conclusions*

In recommending denial of habeas relief on this claim, the R&R first concludes that, as with Petitioner's delayed arraignment claim, this claim is barred under *Tollett* because it is based on a constitutional deprivation that occurred prior to Petitioner's no contest plea. (R&R 24, ECF No. 7) In other words, Petitioner's conviction does not rest on any alleged constitutional deprivation that occurred at the photo or curbside line-ups, but rather on Petitioner's no contest plea, which was entered knowingly and intelligently; thus, the identification procedure cannot now be challenged. (*Id.*) Accordingly, the R&R found that "the state court's decision to deny Petitioner's claim did not run afoul of *Tollett* because under *Tollett* . . . Petitioner's claim is barred." (*Id.* at 25)

Second, because the Sixth Amendment right to counsel had not yet attached, the R&R concluded that "absence of counsel at the curbside lineup does not violate Petitioner's due process rights." (*Id.*)

Third and finally, the R&R concluded that, to the extent Petitioner's claims are not based on violations of the federal constitution or federal law, "Petitioner's claim is not cognizable on federal habeas corpus review." (*Id.*)

*B. Objections to the R&R's Conclusions*

Petitioner objects to the R&R, stating that his "procedural due process was willfully violated at the 6-pack photo lineup when the presumption of guilt was used as a basic fact in the procedure," (Obj. 3, ECF No. 8), and that his procedural due process and equal protection rights

1  were violated "when the officers denied Petitioner's request for counsel to be present at the initial
2  curbside line-up," (*Id.* at 4).

*C. Analysis*

Having reviewed de novo the R&R's treatment of Petitioner's claims of pre-identification error in light of his objections, the Court finds that the R&R is entirely correct as to each of its bases for denial. In addition to failing under *Tollett*, Petitioner's denial of counsel at the curbside line-up does not constitute constitutional error because his Sixth Amendment right to counsel had not yet attached. *See Moore v. Illinois*, 434 U.S. 220, 226 (1977) (stating that the Sixth Amendment right to counsel attaches only "'at or after the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)). Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief with respect to this claim.

**4. Sentencing Error Regarding Imposition of Upper Term**

Petitioner claims that his "sentencing violated his 6th Amendment right by vindictively imposing the upper term . . . in error without the legal aggravating factors determine[d] to be true by a jury." (Pet. 7, ECF No. 1) Specifically, Petitioner contends that he should have received the middle term of three years rather than the upper term of five years, and that therefore the sentencing court violated California's Determinate Sentencing Law ("DSL"). (*Id.*)

*A. Summary of the R&R's Conclusions*

The R&R concludes that "the trial judge properly imposed the statutory maximum consisting of the upper term because the judge based his sentence on Petitioner's admissions to prior convictions and stipulated plea bargain." (R&R 28, ECF No. 7)  Specifically, the R&R noted that "the relevant statutory maximum under California's DSL is not limited to the middle term," (*id.* at 29), and "'[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding,'" (*id.* (quoting *Blakely v. Washington*, 542 U.S. 296, 310 (2004)). Thus, the R&R recommends denying habeas relief on this claim. (*Id.*)

//

### B. Objections to the R&R's Conclusions

Petitioner's objections are based on the allegedly improper imposition of the upper term sentence without a jury trial. (Obj. 4, ECF No. 8) As a result of this error, petitioner argues, "the sentencing court violated California law and willfully abused its authority and legal discretion by illegally imposing the upper term . . . without any aggravating facts/factors proven to be true by a jury using the beyond-a-reasonable-doubt standard of proof." (*Id.*)

### C. Analysis

Generally, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). A judge may impose the "statutory maximum" "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. When a defendant pleads guilty, moreover, the "State is free to seek judicial sentence enhancements so long as the defendant . . . stipulates to the relevant facts." *Id.* at 310.

In *Cunningham v. California*, 549 U.S. 270 (2007), the Supreme Court held that California's DSL, which had previously required the judge to find aggravating factors before imposing an upper term, violated the constitutional right to a jury trial. *Id.* at 293. Subsequent to and in light of the Supreme Court's decision in *Cunningham*, the California legislature amended the DSL to provide more discretion to presiding judges: "[T]he choice of the appropriate term shall rest within the sound discretion of the court." Cal. Penal Code § 1170(b). The imposition of an upper term thus became discretionary and no longer requires a finding of aggravating factors. *Butler v. Curry*, 528 F.3d 624, 652 n.20 (9th Cir. 2008).

The state court denied this claim because Petitioner obtained a lenient sentence that was agreed to under the plea and because it found no sentencing error based on a review of the record. (NOL No. 8 at 3, ECF No. 5-2) The Court finds that the state court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law.

Under *Apprendi*, Petitioner's sentence could be enhanced on the basis of his prior convictions without being submitted to a jury. *Apprendi*, 530 U.S. at 490. Here, Petitioner

1  admitted and stipulated to his prior convictions in court.  (NOL No. 13 at 4–5, ECF No. 5-2)

2  Thus, it was not error to impose a heightened sentence on this basis.

3        Moreover, under *Blakely*, because Petitioner pleaded no contest—which has the same

4  effect as a guilty plea—the state court was free to impose the upper term on the basis of the facts

5  as stipulated to by Petitioner.  *Blakely*, 542 U.S. at 303.  Indeed here, the parties stipulated to

6  Petitioner's several prior strike convictions, prison priors, and serious felony prior.  (NOL No. 13

7  at 4–5, ECF No. 5-2)  Moreover, in handing down the sentence, the judge stated that "it is

8  stipulated the defendant will be sentenced to the upper term of 5 years."  (*Id.* at 6).

9        Thus, the Court finds that the judge properly exercised his discretion in imposing the upper

10  term.  The Court therefore **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

11  **5. Failure to Impose a Stay Pursuant to California Penal Code section 654**

12        Petitioner's next claim for habeas relief is based on the sentencing court's alleged error "in

13  failing to impose a stay under [California] Penal Code section 654" in violation of Petitioner's

14  Sixth and Fourteenth Amendment rights.  (Pet. 8, ECF No. 1)  Petitioner argues that numerous

15  counts "fall[] under the criteria of possible consideration under 654" because there "was no

16  physical evidence nor one hundred percent eye witness identification that Petitioner was the

17  alleged suspect in the robberies that occurred."  (*Id.*)  Moreover, Petitioner alleges that he was

18  punished multiple times for the same conduct—robbery—which violated the Double Jeopardy

19  Clause of the U.S. Constitution.  (*Id.*)

20  *A.  Summary of the R&R's Conclusions*

21        The R&R recommends denying habeas relief as to this claim because it is based in state

22  law and is therefore not federally cognizable and because, in any event, "Petitioner's sentence does

23  not run afoul of section 654."  (R&R 31, ECF No 7)

24  *B.  Objections to the R&R's Conclusions*

25        Petitioner's objection again asserts that it was error for the sentencing court not to issue a

26  stay pursuant to section 654, resulting in a "fundamental miscarriage of justice."  (Obj. 5, ECF No.

27  8)

28  //

*C. Analysis*

Having reviewed de novo the R&R's treatment of Petitioner's claims for failure to impose a stay in light of his objections, the Court finds that the R&R is entirely correct as to each of its bases for denial. In addition to failing to state a claim for federal habeas corpus relief for being based on a violation of state law, the refusal to stay was not a violation of section 654 or the Double Jeopardy Clause of the U.S. Constitution. California Penal Code section 654 provides that

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

However, it is not a violation of section 654 to impose "multiple punishment[s] when a defendant suffers separate convictions for acts of violence committed against more than one victim," *People v. Fuhrman*, 941 P.2d 1189, 1196 (Cal. 1997), as, for example, with robbery against several different victims, *see People v. Champion*, 891 P.2d 93, 125 (Cal. 1995) ("Robbery is violent conduct warranting separate punishment for the injury inflicted on each robbery victim."). Moreover, the Double Jeopardy Clause is not violated if the state legislature specifically authorizes multiple punishments, as here. *United States v. Dixon*, 590 U.S. 688, 746 (1993); *Missouri v. Hunter*, 459 U.S. 359, 365 (1983) (finding no double jeopardy violation where the legislature authorized cumulative punishments for armed robbery).

Thus, the state court's determination that "a review of the record discloses no sentencing error" was not objectively unreasonable. Therefore, the Court **ADOPTS** the R&R and **DENIES** habeas relief with respect to this claim.

**6. Competency to Stand Trial**

Petitioner's final claim for habeas relief is based on his contention that "there [wa]s insufficient evidence in the psychiatric examination report to legally and factually support a competency finding to stand trial" or to enter a plea, resulting in a violation of Petitioner's Sixth Amendment right to a trial. (Pet. 11. ECF No. 1) Additionally, Petitioner contends that by trying him while he was legally incompetent, his procedural due process rights and California Penal Code section 1367(a) were violated. (*Id.*)

*A. Summary of the R&R's Conclusions*

The R&R also recommends denial of Petitioner's habeas petition as to this claim. Specifically, the R&R concludes that "Petitioner's alleged incompetency at the time of plea is unsupported by the record" in light of the certified psychiatric examiner's conclusion and Petitioner's responses to the trial court judge's inquiries relating to his competency. (R&R 22, ECF No. 7)  Thus, the R&R found that "the state courts' decision to uphold the trial judge's determination that Petitioner understood the nature of the criminal proceedings was neither objectively unreasonable nor contrary to the competency standard as articulated by the U.S. Supreme Court in *Dusky v.* [*United States*, 362 U.S. 402 (1960),] and repeated in *Drope v. Missouri*, [420 U.S. 162 (1975)]." (*Id.* at 23)

*B. Objections to the R&R's Conclusions*

Petitioner objects to the Magistrate Judge's recommendation that habeas relief be denied as to this claim because "he was medically diagnosed with various forms of paranoia, schizophrenia, and antisocial personality disorder, and as a result, was medically incompetent to stand trial and/or agree to a plea bargain." (Obj. 6, ECF No. 8)

*C. Analysis*

Trial of an incompetent defendant violates the Due Process Clause of the Fourteenth Amendment. *Medina v. California*, 505 U.S. 437, 439 (1992). The standard of competency to plead guilty is the same as that to stand trial. *Godinez v. Moran*, 509 U.S. 389, 389 (1993). A defendant is incompetent if he has insufficient capability to rationally consult with his counsel and to understand the nature of the proceedings against him. *Dusky*, 362 U.S. at 402; *see also Drope*, 420 U.S. at 171; Cal. Penal Code § 1367(a) ("A person cannot be tried or adjudged to punishment while that person is mentally incompetent. A defendant is mentally incompetent . . . if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner.").

A defendant is entitled to a competency hearing when there is substantial evidence to raise a bona fide doubt as to his mental competency. *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir. 1993); *see also* Cal. Penal Code § 1368. The

state court's determination that a defendant is competent is presumed to be correct if fairly supported by the record. *See* 28 U.S.C. § 2254(e)(1); *Maggio v. Fulford*, 462 U.S. 111, 117 (1983).

In this case, Petitioner did not offer substantial evidence that raised a bona fide doubt as to his mental competency. The state court judge ordered two competency exams, (NOL No. 1 at 21, 63, ECF No. 5-2), at which the court-appointed psychologist concluded that Petitioner was competent, (*Id.* at 22–26). The state court thereafter reviewed the findings and found Petitioner competent. (*Id.* at 27) In addition, prior to entering his plea, when asked about his competency Petitioner responded that his ability to understand what was going on in court was not impaired; that he had time to talk with counsel and was not coerced; and that he waived his constitutional rights and understood the implications of doing so. (NOL No. 13 at 2, ECF No. 5-2) Based on this review and in light of the deference the state court's finding is entitled to, the Court **ADOPTS** the R&R and **DENIES** habeas relief on this claim.

**7. Certificate of Appealability**

The Court is obliged to determine whether a certificate of appealability should issue in this matter. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petitioner's claims have been denied on their merits, as here, a petitioner can meet the threshold "substantial showing of the denial of a constitutional right," by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Here, no reasonable jurist would disagree with the Court's resolution of Petitioner's constitutional claims and denial of the writ. Evidence in the record supports the trial court's actions, and this suffices to meet due process requirements. Accordingly, the Court **DENIES** a certificate of appealability.

//

**CONCLUSION**

For the reasons stated, the Court **ADOPTS** the R&R in full.  Petitioner's petition for writ of habeas corpus is **DENIED**.  A certificate of appealability is **DENIED**.  This Order concludes the litigation in this matter.  The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED: December 14, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge